UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD J. McFADDEN,

        Plaintiff,

v.                                  Case No. 3:22-cv-407-BJD-PDB

C. CAMACHO,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, Ronald J. McFadden, an inmate of the Florida penal system currently housed at Walton Correctional Institution, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff names as Defendants: (1) C. Camacho, a lieutenant at Columbia Correctional Institution; (2) C. Crews, warden of Columbia C.I.; (3) D. Wilson, grievance coordinator at Walton C.I.; and (4) Amanda Ralph, warden at Walton C.I. Id. at 3-4.

        **I.    Defendants Wilson and Ralph**

Walton C.I. is located within the Northern District of Florida, while Columbia C.I. is in this District. Plaintiff's factual allegations against Defendants Wilson and Ralph involve events that occurred at Walton C.I. and do no overlap with Plaintiff's allegations against Defendants Camacho and

Crews such that it would be appropriate to join all claims together in this action. Thus, Plaintiff's claims against Defendants Wilson and Ralph are due to be dismissed without prejudice for improper venue. If Plaintiff wishes to pursue those claims against those Defendants, he must refile the claims in the Northern District of Florida.

## II.   Defendants Camacho and Crews

As for Defendants Camacho and Crews, Plaintiff alleges that on October 29, 2021, while housed in confinement at Columbia C.I., Defendant Camacho placed Plaintiff on a 72-hour property restriction. Doc. 1-2 at 1. According to Plaintiff, Camacho removed from Plaintiff's cell all his state-issued property, including blankets, pants, socks, shirts, and toilet paper. Id. Plaintiff contends he "was left in extreme cold [] which caused [him] sleep deprivation for 3 days." Id. Plaintiff alleges that during that time he was forced to use his hand to clean himself after using the bathroom. Id. Plaintiff states that during his property restriction, officers refused his requests for medical and mental health care and "only provided a couple packs of non[] aspirin[]." Doc. 1 at 6. Plaintiff contends that Crews allowed Camacho to place Plaintiff on illegal property restriction. Plaintiff alleges he notified Crews of the violation through verbal and written interactions. Id. He also alleges that officers refused to allow Plaintiff to challenge their decision to place him on property restriction. He maintains that Defendants' actions amounted to cruel and unusual

2

punishment in violation of his rights under the Eighth Amendment. He also appears to allege that Defendants' conduct amounted to a Fourteenth Amendment due process violation. As a result of Defendants' actions, Plaintiff alleges that he "caught a cold and had a nasty rash [o]n his buttocks, which was very painful[]." Doc. 1 at 6. Plaintiff contends he continues to have nightmares, anxiety, and depression. Id. As relief, he requests $30,000 in punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint

3

must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's claims against Defendants Camacho and Crews are subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Liberally read, Plaintiff fails to state a plausible § 1983 claim against Camacho and Crews

First, Plaintiff fails to state a claim under the Eighth Amendment. To state a claim that his conditions of confinement violated the Eighth

4

Amendment, a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Plaintiff does not allege the conditions of his confinement posed an unreasonable risk to his health or safety of which Defendants were aware. See Doc. 1.

Moreover, the Eleventh Circuit has expressly held a prisoner who alleges he was placed on seventy-two-hour strip status fails to state a claim under the Eighth Amendment. See Woodson v. Whitehead, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[] that create[s] a substantial risk of serious harm."). See also O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (holding that the prisoner failed to state the conditions of his confinement were cruel and unusual when he was placed on strip status for

weeks).[1] Because Plaintiff's claim turns on facts the Eleventh Circuit has held do not amount to an Eighth Amendment violation, his claim necessarily fails. See Woodson, 673 F. App'x at 932; O'Connor, 644 F. App'x at 932.

Next, Plaintiff's allegations, accepted as true, fail to show a denial of due process under the Fourteenth Amendment. See Woodson, 673 F. App'x at 933 (recognizing "restrictive disciplinary confinement . . . is not the kind of change in condition that . . . imposes an atypical or significant hardship") (citing Sandin v. Conner, 515 U.S. 472, 482-86 (1995)). Plaintiff asserts no facts suggesting he faced conditions so severe that they imposed on him a significant hardship in comparison to the ordinary incidents of prison life.

Nor does Plaintiff allege that any disciplinary charge that preceded the property restriction affected the duration of his sentence. For instance, he does not allege a loss of good time credits. See Smith v. Deemer, 641 F. App'x 865, 867, 868 (11th Cir. 2016) (holding that the district court properly dismissed plaintiff's due process claim because the disciplinary hearing did not result in a loss of good time credits and plaintiff did not allege his term of disciplinary confinement exposed him to atypical and significant hardship even though the conditions in disciplinary confinement were more restrictive and less

---

[1] Although the Court does not rely on unpublished opinions as precedent, they may be cited in this Order because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, - F. 4th - , - , 2022 WL 1013043, at *4 (11th Cir. Apr. 5, 2022). Rule 32.1 of the Federal Rules of Appellate Procedure permits the Court to cite unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

6

comfortable than those in general confinement). Thus, even if Plaintiff spent more time on property restriction than he should have, he does not allege a protected liberty interest to which due process protections attach. Plaintiff's Eighth and Fourteenth Amendment claims against Camacho and Crews are due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. All claims against Defendants Wilson and Ralph are **DISMISSED without prejudice** to Plaintiff refiling those claims in the Northern District of Florida, Pensacola Division, which is the proper venue.

2. Plaintiff's Eighth and Fourteenth Amendment claims against Defendants Camacho and Crews are **DISMISSED without prejudice**.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2022.

*[signature: Brian J. Davis]*

BRIAN J. DAVIS
United States District Judge

Jax-7

C:   Ronald J. McFadden, #683524